UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAYLON SEBRON BAILEY, )
 )
    *Petitioner*, )
v. ) Nos. 1:04-cv-122 / 1:00-cr-011-02
 ) *Edgar*
UNITED STATES OF AMERICA, )
 )
    *Respondent.* )

## MEMORANDUM

Federal prisoner Kaylon Sebron Bailey ("Bailey") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. Bailey contends he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Additionally, Bailey contends he was denied due process of law guaranteed by the Fifth and Fourteenth Amendments. Specifically, he claims these constitutional rights were violated because his conviction is based on insufficient evidence and on the testimony of his co-defendant, who was promised a more lenient sentence for his testimony. The United States opposes the motion.

After reviewing the record, the Court concludes that Bailey's § 2255 motion will be **DENIED**. The record conclusively shows that Bailey is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.    Standard of Review**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255 based on an alleged constitutional error, Bailey bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious

1

effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief under § 2255, Bailey is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process. *Davis v. United States,* 417 U.S. 333, 346 (1974); *Griffin*, 330 F.3d at 736; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

## II.     Procedural History

On January 23, 2001, a federal grand jury returned a three-count indictment against Bailey and co-defendant Lametris Bush ("Bush"). Bailey was charged in two of the counts. Count One charged Bailey with conspiring to distribute fifty grams or more of cocaine base with Bush, in violation of 21 U.S.C. § 846. Count Two charged Bailey with attempting to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Co-defendant Bush pled guilty to the charges and Bailey went to trial. After a two-day jury trial, Bailey was convicted of Count Two, acquitted of Count One, and subsequently sentenced by this Court to a term of 170 months imprisonment to be followed by four years of supervised release. Bailey filed a direct appeal which was affirmed in a *per curiam* opinion by the Sixth Circuit Court of Appeals and a mandate issued on June 27, 2003. *See United States v. Bailey*, 61 Fed.Appx. 233 (6th Cir. 2003) (unpublished table decision), *available in* 2003 WL 1949583. Bailey timely filed his motion under 28 U.S.C. § 2255 on April 21, 2004.

## III.    Facts

The following recitation of the facts is from the direct appeal to the United States Court of Appeals for the Sixth Circuit:

2

On January 4, 2001, Bailey and Bush were arrested at Frank's grocery store in Chattanooga, Tennessee, after Bush attempted to sell crack cocaine to a confidential informant named Terry Heard. Heard, who recently had been arrested for distribution of controlled substances, had cooperated with the police to set up the meeting, recording four staged conversations in which he arranged to purchases two ounces of crack cocaine from Bush. Bush had agreed to meet Heard at Frank's grocery store. Heard was outfitted with a transmitter and provided with "flash money." The plan was to arrest Bush before the transaction was completed, but after confirming that the drugs were present. Approximately ten officers in four different vehicles were part of the stakeout, wearing raid gear, including vests with the word "Police" written on the front and back in large letters.

Heard gave the pre-arranged signal to the officers once he had verified that Bush had the drugs with him, and the officers descended on the parking lot. The officers claim that they announced they were police officers and pulled Bailey out of the car, placing him on the ground, while they attempted to secure Bush who had gone inside the grocery store. Bailey, however, jumped up and ran from the scene. He claims that he ran because he did not know that these were police officers and he thought they were a gang that had come after him. Eventually Bailey was apprehended at a nearby barber shop.

Once arrested, Bailey waived his rights in writing and made various incriminating statements to officers who interviewed him at the police station.[1] Various officers testified at trial that Bailey had told them he worked for Bush, by driving him around, and that Bush was "the man," which the officers interpreted as implying that Bush was in charge and in possession of the drugs. In addition, Bailey allegedly told the officers that he wanted to cooperate and could do so by acting as an informant and arranging crack cocaine deals.

Bush pled guilty to the charges and agreed to cooperate as part of his plea agreement. Bush testified for the government at trial, stating that he had been engaged in drug transactions with Bailey since October 2000, and that it was Bailey who was supplying the drugs, which were obtained from Atlanta, Georgia. Bush also testified regarding the events that led up to the meeting at Frank's grocery store and their subsequent arrest. Bush explained that he got a call from Heard expressing an interest in buying two ounces of cocaine base. Bush then called Bailey to purchase the drugs he would need for the sale. When Bush visited Bailey's residence, he told Bush that he had a buyer who wanted two ounces of crack later that evening. Bailey told Bush to call him when he needed the drugs. In the meantime, Bush purchased a sixteenth of an ounce of crack. Bush testified that Bailey appeared to have

---

[1] Bailey denied at trial that he signed the waiver after being arrested, but this is not an issue on appeal.

> approximately 50 grams of cocaine base on a scale, while they were conducting this transaction at his house.
>
> Later on in the day, Bush made a call to Bailey, letting him know that the buyer was ready. Bailey then picked up Bush and drove him to the grocery store, saying that it was on his way to another appointment. Bailey testified on his own behalf at his trial, denying that he had ever supplied Bush with crack, and further stating that he did not do drugs anymore, having learned his lesson from a prior conviction for possession of cocaine (not crack) in Georgia.

*United States v. Bailey*, 61 Fed.Appx. 233 (6th Cir. 2003) (unpublished table decision), *available in* 2003 WL 1949583, at *1-2.

## IV.    Analysis of Claims

First, Bailey contends in the § 2255 motion that he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution because counsel wrongfully waived petitioner's presence at the final pretrial conference where evidentiary matters were discussed.

Second, petitioner claims he has been denied the due process of law guaranteed by the Fifth Amendment because the evidence was insufficient as a matter of law to sustain a conviction as to Count Two.

Third, Bailey contends he was denied due process of law guaranteed by the Fifth and Fourteenth Amendments because the trial court improperly allowed testimony of a witness (co-defendant Bush) whose testimony was solely based upon a hope of receiving a reduction in his sentence.

### A. Ineffective Assistance of Counsel

Bailey claims that he was deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution because his attorney wrongfully waived his presence at the final pretrial conference where evidentiary matters were discussed.

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the right to assistance of counsel for his defense. Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004), *cert. denied*, 544 U.S. 925 (2005); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003), *cert. denied*, 543 U.S. 841 (2004); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000), *cert. denied*, 534 U.S. 943 (2001).

The Supreme Court in *Strickland* established a two-part test for evaluating ineffective assistance of counsel claims. First, Bailey must demonstrate that his counsel's performance was deficient, *i.e.*, fell below an objective standard of reasonableness. Second, Bailey must establish that the deficient performance prejudiced his defense by depriving him of a fair proceeding. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Smith*, 348 F.3d at 199; *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir.), *cert. denied*, 540 U.S. 955 (2003); *Skaggs*, 235 F.3d at 267.

In determining whether the attorney's conduct was deficient under the first prong of the *Strickland* test, Bailey is required to demonstrate that his attorney's error, *i.e.*, waiving defendant's presence at the final pretrial conference when evidentiary matters were discussed, was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*,

466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline*, 319 F.3d at 819. This Court's scrutiny of the reasonableness of counsel's performance is highly deferential. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound legal strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States,* 364 F.3d 727, 730 (6th Cir. 2004); *Mason*, 320 F.3d at 616-17; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

The second prong of the *Strickland* test requires Bailey to show that his attorney's deficient performance actually prejudiced his case. The prejudice component focuses on the issue whether counsel's deficient performance renders the result in the criminal case unreliable or renders the criminal proceeding fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Bailey's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993); *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc), *cert. denied*, 508 U.S. 975 (1993).

To establish prejudice, Bailey must show a reasonable probability that, but for his counsel's errors and deficient performance, the result of the criminal proceeding would have been different and more favorable to Bailey. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland,* 466 U.S. at 693-94; *Campbell,*

364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason*, 320 F.3d at 617; *Wickline*, 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter v. Bell*, 218 F.3d 581, 591(6th Cir. 2000); *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84.

Bailey claims counsel waived his presence at the final pre-trial conference without consulting with him about waiving his appearance. Bailey contends that during the pre-trial conference evidentiary matters were discussed concerning whether the trial court would allow certain evidence. However, Bailey has failed to explain how this amounts to constitutional ineffectiveness or how he was prejudiced.

The first prong of the *Strickland* test requires Bailey to show that counsel's performance was constitutionally deficient. Bailey must demonstrate counsel's performance was so deficient that it rendered counsel's assistance objectively unreasonable. *Strickland*, 466 U.S. at 687-690. Although Bailey was represented by counsel at the final pre-trial conference, his exclusion from that proceeding could have violated *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) if Bailey's presence would have contributed to the fairness of the pretrial proceedings. However, under *Stickland*, Bailey must prove more. To win relief in this post-conviction proceeding, Bailey's counsel not only must have been ineffective, Bailey must have suffered prejudice to the level required by *Strickland*.

The Supreme Court has concluded that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). "Although the Court has emphasized that this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow,' [*Snyder v. Massachusetts*, 291 U.S. 97, 106-107(1934)], due process clearly requires that a defendant be allowed to be present 'to the extent that a fair and just

7

hearing would be thwarted by his absence'" *Kentucky v. Stincer*, 482 U.S. at 745. Bailey has not demonstrated that his presence would have contributed to the fairness of the proceedings or that a fair and just hearing was thwarted by his absence. *See Peterson v. United States*, 411 F.2d 1074 (8th Cir.), *cert. denied*, 396 U.S. 920 (1969)(concluding the substantial rights of a defendant were not prejudiced because he was not present during the course of a pretrial conference between the court and counsel at which several evidentiary matters were discussed); *Stein v. United States*, 313 F.2d 518 (9th Cir. 1962), *cert. denied*, 373 U.S. 918, *reh. den.* 375 U.S. 872 (1963) (Affirming the denial of the defendant's motion to vacate a judgment of conviction, the court concluded the absence of a defendant from a conference between the court and counsel to determine the admissibility of recordings of incriminating conversations between the defendant and this coconspirators did not deprive the defendant of his constitutional right to be present at all stages of his trial); *also see United States v. Burke*, 345 F.3d 416, 424 (6th Cir. 2003), *cert. denied*, 541 U.S. 966 (2004), (federal rule of criminal procedure requiring defendant to be physically present at every stage of the trial did not apply to the pre-trial motion to suppress).[2] Consequently, since Bailey's due process rights were not violated by his exclusion from the final pre-trial conference, he has failed to demonstrate counsel's performance in this instance was deficient.

---

[2] Rule 43 of the Federal Rules of Criminal Procedure provides the defendant shall be present at the initial appearance, the initial arraignment, and the plea; every stage of the trial, including jury impanelment and the return of the verdict; and the sentencing. In addition, the rule provides that a defendant's presence is not required at a proceeding that only involves a conference or hearing on a question of law.

Moreover, Bailey has failed to demonstrate how he was prejudiced by counsel's decision not to have him attend the final pre-trial conference.[3] Assuming *arguendo* that counsel was deficient when he waived Bailey's appearance at the pretrial conference, Bailey has provided no evidence that his presence at the pretrial conference would have been useful. Thus, Bailey has not set forth in his motion how counsel's failure to request petitioner's appearance at the final pretrial conference caused him prejudice. Accordingly, since Bailey cannot identify any specific contribution that his presence might have made, his claim that counsel was ineffective for waiving his appearance at the final pre-trial conference will be **DENIED**.

B.   **Insufficient Evidence for Conviction**

The petitioner claims he has also been denied due process of law guaranteed by the Fifth Amendment to the United States Constitution by his conviction on insufficient evidence. Bailey raised this issue on direct appeal. *See United States v. Bailey*, 61 Fed.Appx. 233, 237 (6th Cir. 2003) (unpublished opinion), *available in* 2003 WL 1949583, *3-4. Petitioner cannot use a § 2255 motion to re-litigate the same issues presented and decided on his direct appeal. Issues which are presented and considered on direct appeal cannot be litigated again in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir.), *cert. denied*, 528 F.3d 933 (1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). The United States Court of Appeals for the Sixth Circuit rejected

---

[3] When the Court stated that the record would reflect Bailey was not present at the final pre-trial conference and inquired whether it was Bailey's choice, Bailey's counsel responded that he had previously met with Bailey and "he was aware of the pre-trial conference, but we did not ask that he be here." (Final Pretrial Conference Transcript "FPCT" at 2).

the petitioner's arguments and affirmed his conviction finding that the government succeeded in presenting sufficient evidence to prove that Bailey drove Bush to the grocery store for the purpose of facilitating the drug deal; Bailey knew Bush was in possession of the drugs to be sold; and Bailey assisted Bush in attempting to sell those drugs. In his post-conviction § 2255 petition, Bailey offers no new issues of fact or law differentiating this claim from his appellate claim. Bailey is attempting to re-litigate matters that were previously considered and rejected by the Court of Appeals. Accordingly, absent exceptional circumstances which would allow Bailey to re-litigate this issue, this claim will be **DENIED**.

### C. Witness Testimony in Exchange for Lesser Sentence

Third, Bailey claims he was denied due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by the use of testimony secured through the use of a witness who had been given a lesser sentence in exchange for his testimony.

This claim was not raised on appeal in the Sixth Circuit. A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Petitioner offers no new evidence or argument to explain any cause for his failure to previously raise this claim.

Although the Court determines this claim is procedurally defaulted, the Court notes that in connection with co-defendant Lametris Bush's testimony against Bailey at trial, the jury was given the following instruction:

> You have heard the testimony of a person who is alleged to have been involved in the same crimes the defendant is charged with committing. You have also heard that the government has promised this witness that he may receive a recommendation of leniency which might include a substantially reduced sentence in exchange for truthful cooperation and testimony against the defendant. It is permissible for the government to make such promises. However, you should consider the testimony of such a witness with more caution than the testimony of other witnesses. Consider whether such testimony may have been influenced by the government's promises. Do not convict the defendant based upon the unsupported testimony of such a witness, standing alone, unless you believe the testimony beyond a reasonable doubt. The fact that another person has been convicted of a crime is not itself evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.[4]

In addition, the Court observes that the jury was informed that Bush expected to receive a more lenient sentence in exchange for his testimony and the trial court permitted defense counsel to cross examine the witness, including questioning him about his motives for testifying [Trial Transcript "TT", Vol. 1, pp 169-179]. Not only has Bailey failed to provide any factual support to this bald claim or any authority to support his position that the Court erred in considering the testimony of his co-defendant, Bailey has failed to present any evidence that would support a finding that the use of his co-defendant's testimony violated his constitutional rights.

Accordingly, Bailey's claim that he was denied due process of law by the use of testimony secured through the use of a witness who was offered a more lenient sentence in exchange for his testimony will be **DENIED** as procedurally defaulted. In the alternative, the Court finds Bailey has not demonstrated the existence of an error of constitutional magnitude.

---

[4] Sixth Circuit Pattern Criminal Jury Instructions § 7.08 - Testimony of an Accomplice (modified), and § 7.07 - Testimony of a Witness Under a Grant of Immunity or Reduced Criminal Liability (modified).

## V. CONCLUSION

Bailey's claims are meritless. He fails to support his claim with any facts or allegations. Legal conclusions unsupported by factual allegations are insufficient to entitle a petitioner relief under 28 U.S.C. § 2255. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974). Indeed, when a petitioner files a § 2255 motion, he must set forth facts entitling him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Bailey fails to assert any factual allegations or offer any evidence. Consequently, the petitioner is not entitled to any relief and his claim will be **DENIED**.

A separate order will enter.

                                      */s/ R. Allan Edgar*
                                      R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE